UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH R. MERCER and CYNTHIA MERCER<br>Plaintiffs, | )<br>)<br>)<br>) |
| vs. | ) CIVIL ACTION NUMBER: 1:03-CV-12282 MBB<br>) |
| RYDER TRUCK RENTAL, INC.<br>and<br>WALTCO TRUCKING<br>EQUIPMENT COMPANY<br>Defendants. | )<br>)<br>)<br>)<br>) |

### JOINT STATEMENT OF THE PARTIES

The parties to this action, Plaintiffs Kenneth R. Mercer and Cynthia Mercer, and Defendants Ryder Truck Rental, Inc. ("Ryder") and Waltco Trucking Equipment Company ("Waltco"), submit this Joint Statement pursuant to Local Rule 16.1(D)(1) and (2) and the Notice of Scheduling Conference dated May 6, 2004. All of the proposals with respect to pretrial matters contained in this Statement are made jointly by the parties.

1. **Brief Background**

This personal injury action stems from an incident on September 30, 2000, in which Plaintiff alleges he sustained severe personal injuries when a rear loading hydraulic platform manufactured by the Defendant Waltco failed to operate properly. Plaintiffs have brought this negligence and breach of warranty case against Waltco. Plaintiffs also brought a negligence and breach of warranty claim against the Defendant, Ryder, alleging that Ryder maintained, marketed, and/or sold and distributed the hydraulic platform in question.

Both Defendants deny liability and contest damages.

The Plaintiffs and Defendants both demand trial by jury.

2. **Trial by Magistrate Judge**

The parties at this time have assented to trial before a magistrate judge (with jury).

3. <u>Automatic Disclosures</u>

The parties will make automatic disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before June 7, 2004.

4. <u>Proposed Discovery Plan</u>

The parties propose that discovery be conducted in accordance with the following provisions:

(a) <u>Interrogatories</u>

(I) Each party shall be limited to a total of 30 interrogatories to any other party.

(II) Each party may divide its permitted interrogatories into as many separate sets as it wishes.

(III) No interrogatories shall be served later than November 30, 2004.

(b) <u>Fed.R.Civ. P. 34 Requests</u>

(I) Each party shall be limited to a total of 30 separate Fed.R. Civ. P. 34 requests directed to any other party.

(II) Each party may divide its permitted Rule 34 requests into as many separate sets as it wishes.

(III) No Rule 34 requests shall be served later than November 30, 2004.

(c) <u>Fed. R. Civ. P. 36 Requests</u>

(I) Each party shall be limited to a total of 30 Rule 36 requests for admission of facts to any other party..

(II) Each party may divide its permitted requests for admission into as many separate sets as it wishes.

(III) No Rule 36 request for admission shall be served later than 90 days before the date set for commencement of trial.

(d) <u>Non-Party Documents-Only Subpoenas</u>

    (I) There shall be no specific numerical limit on the number of documents-only subpoenas that the parties may serve on non-parties pursuant to Fed. R. Civ. P. 34(c) and 45. This provision is, however, without prejudice to the right of any party and of any non-party to move for protective order with respect to documents-only subpoenas, which they deem excessive, unreasonable, or otherwise inappropriate.

    (II) The party serving a non-party documents-only subpoena shall serve a copy of the subpoena on counsel for the other party on or before the date the subpoena is served on the records custodian. The party serving the subpoena shall provide counsel for the other parties with copies of all documents received in response to it upon such counsel's written request for copies and agreement to pay the reasonable cost of making the copies.

(e) <u>Deposition of Fact Witnesses</u>

    (I) Each party shall be limited to a total of 10 depositions of fact witnesses, including those conducted pursuant to Fed. R. Civ. P. 30(b)(6).

    (II) Depositions of fact witnesses who neither reside nor work in Massachusetts shall be taken in a location within Suffolk County, unless all parties and witness agree or the court orders otherwise.

    (III) No deposition of a fact witness shall last more than 7 hours, exclusive of a 1 hour lunch break, unless all parties and the witness agree or the court orders otherwise.

    (IV) Any party may record the deposition of any fact witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. The party wishing to record a deposition by audiovisual means shall so state in the notice of taking deposition. Nothing in this subsection shall be to the prejudice of any party or witness to seek a protective order with respect to the proposed audiovisual recordation of a deposition if the party or witness believes there is a good cause for such an order.

    (V) All discovery depositions of fact witness shall be concluded to no later than May 14, 2005. Depositions of fact witnesses unlikely to be available to testify at trial, and taken for the purpose of eliciting trial testimony, may be taken later than May 14, 2005, insofar as the parties and the witness may agree or the court may order.

(f) <u>Expert Disclosures</u>

(I) The Plaintiffs shall provide their 26(a)(2) disclosure with respect to proposed trial experts no later than July 14, 2005. The Defendants shall provide thier Rule 26(a)(2) disclosure with respect to proposed trial experts no later than August 31, 2005.

(II) The Plaintiffs shall produce their proposed trial experts for deposition no later than September 30, 2005. The Defendants shall produce their proposed trial experts for deposition no later than October 31, 2005.

(III) Proposed trial experts shall be produced for deposition without need for service of a subpoena upon the witness. The party seeking the deposition shall serve a deposition notice with, if appropriate, a request for specified documents appended to it. It shall be the responsibility of the party proposing to introduce the proposed expert's testimony at trial to assure that the witness appears in accordance with the notice and produces the requested documents, except insofar as timely objection is made thereto.

(IV) The parties shall cooperate in selecting dates for depositions of proposed experts that are consistent with subsection (ii) and which are reasonably convenient for all counsel and witnesses. It shall be the responsibility of counsel for the parties to notify each of their proposed expert witnesses of the provision of this order regarding depositions of experts not later than two months before the Rule 26(a)(2) disclosures with respect to such experts are made, and to take timely measures to assure such witnesses' availability for deposition in accordance with subsection (ii).

(V) There shall be no specific limit to the length of any expert deposition. This provision is not, however, to the prejudice of any party or expert witness to seek a protective order with respect to a deposition which the party or witness deems to be unduly protracted.

(VI) Depositions of proposed trial experts shall be taken in or near the locality in which the witness works or resides unless both parties and the witness agree otherwise.

(VII) Any party may record the deposition of any proposed expert witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. The party wishing to record a deposition by audiovisual means shall so state in the notice of taking of deposition. Nothing in this subsection shall be to the prejudice of any party or witnesses to seek a protective order with respect to proposed audiovisual recordation of a deposition if the party or witness believes there is a good cause for such an order.

(VIII) The party taking the deposition of a proposed expert witness shall be responsible for paying the witness for (a) his or her time actually spent at the deposition, (b) his or her time actually spent traveling to and from the deposition, except insofar as such travel may be attributable in part to other business of the witness, and (c) reasonable expenses (including coach air fare) actually incurred in traveling to and from the deposition, except insofar as such expenses may be attributable in part to other business of the witness. Such payment shall be made within 60 days after receipt by counsel who took the deposition of a bill itemizing the reimbursable charges described in this subsection. Payment for the witness' time shall be at the same rate charged by the witness for his or her services performed for the party which retained him or her, and not at a premium flat rate, unless otherwise agreed by the parties.

(IX) The party that takes the deposition of a proposed trial expert shall be entitled to receive copies of documents produced by witness in accordance with the deposition notice subsection (iii) upon the party's request for them and agreement to pay the reasonable copying cost.

5. Schedule of Motions

(a) Motions to amend the pleadings shall be filed no later than December 31, 2004.

(b) Motions to add third-party defendants shall be filed no later than January 30, 2005 except insofar as any amendment to the complaint allowed after the date of this order may make such addition appropriate. A motion to add a third-party defendant that is made appropriate by any such amendment shall be filed no later than 45 days after the amendment is allowed.

(c) Dispositive motions shall be filed no later than September 15, 2005.

(d) Motions for confidentiality orders with respect to materials requested in discovery and motions for protective orders with respect to discovery proceedings may be filed at any reasonable time after the issues to which they pertain arise, but before filing any such motion counsel for all parties shall engage in good faith negotiations in an effort to resolve the issues by agreement.

6. Final Pretrial Conference and Trial Date

The final pretrial conference should be convened on a date convenient to the court during December, 2005. Trial should be scheduled for a date convenient to the court in January, 2006.

7. Modification of Proposed Discovery Plan

The parties agree that the provisions of the proposed discovery plan set forth herein shall be modified by the parties only by written agreement of the parties, or by order of the court, and only upon showing of a good cause supported by affidavits, other evidentiary materials or references to pertinent portions of the records.

The Plaintiffs,
Kenneth and Cynthia Mercer
By their attorney,

_____
Brian C. Dever
BBO#544203
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA 02780
(508)-822-2000

The Defendant
Ryder Truck Rental, Inc.
By its attorney,

_____
Scott J. Tucker
BBO#503940
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108
(617)557-9696

The Defendant,
Waltco Trucking Equipment Company
By its attorney,

_____
Steven J. Buttacavoli, Esq.
BBO #651440
Piper Rudnick, LLP
One International Place, 21st Floor
Boston, MA 02110-2600
(617) 406-6000

**SO ORDERED BY THE COURT:**

_____
U.S.D.C.J.