# EXHIBIT "A"

Case 1:03-cv-12282-MBB    Document 27-5    Filed 10/18/2005    Page 1 of 11

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY, ss                TRIAL COURT OF MASSACHUSETTS
                                  SUPERIOR COURT DIVISION
                                  CIVIL ACTION NO:

KENNETH R. MERCER and           )
CYNTHIA MERCER                  )
                                )
v.                              )
                                )
RYDER TRUCK RENTAL, INC. and    )
WALTCO TRUCK                    )
EQUIPMENT COMPANY               )

## COMPLAINT AND DEMAND JURY DEMAND

1. The plaintiff, Kenneth Mercer is an is an individual residing at 645 Roundtop Road, Harrisville, Rhode Island.

2. The plaintiff, Cynthia Mercer is an is an individual residing at 645 Roundtop Road, Harrisville, Rhode Island.

3. At all times relevant hereto, the plaintiffs Kenneth Mercer and Cynthia Mercer were lawfully married as husband and wife.

4. The Defendant, Ryder Truck Rental, Inc., is a foreign corporation with a principal place of business located at 3600 Northwest, 82nd Avenue, Miami, Florida.

5. Jurisdiction over the defendant, Ryder Truck Rental, Inc. is based upon one or more of the following:
    a.   the defendant transacting business in the Commonwealth of Massachusetts;
    b.   the defendant contracting supply services or things in the Commonwealth of Massachusetts;
    c.   the defendant causing tortious injury by an act or omission in the Commonwealth of Massachusetts; and/or
    d.   the defendant causing tortious injury inside the Commonwealth of Massachusetts by an act or omission outside this Commonwealth and regularly doing or soliciting business or engaging in any other persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts, and set forth in Massachusetts General Laws Chapter 223A, §3.

6. The defendant Waltco Truck Equipment Company is a corporate entity having a principle place of business located at 285 Northeast Avenue, Tallmadge, Ohio.

7. Jurisdiction over the defendant, Waltco Truck Equipment Company, is based upon one or more of the following:
    a. the defendant transacting business in the Commonwealth of Massachusetts;
    b. the defendant contracting supply services or things in the Commonwealth of Massachusetts;
    c. the defendant causing tortious injury by an act or a mission in the Commonwealth of Massachusetts; and/or
    d. the defendant causing tortious injury inside the Commonwealth of Massachusetts by an act or a mission outside this Commonwealth and regularly doing or soliciting business or engaging in any other persistent course of conduct or deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts, and set forth in Massachusetts General Laws Chapter 223A, §3.

8. At all times the material herein, the plaintiff, Kenneth Mercer was an employee Garelick Farms, located at 119 West Central Street, Franklin, Norfolk County, Massachusetts.

## COUNT I
## NEGLIGENCE AGAINST WALTCO TRUCK EQUIPMENT COMPANY

9. The Plaintiff, Kenneth Mercer repeats the allegations contained in Paragraphs 1 through 8 of this Complaint as if re-alleged herein.

10. On or about September 30, 2000, during the course of his employment with Garelick Farms, the Plaintiff, Kenneth Mercer, used a rear loading hydraulic platform which was manufactured by the Defendant, Waltco Truck Equipment Company.

11. On or about September 30, 2000, the Kenneth Mercer, was injured when the hydraulic platform failed to operate properly when the hydraulic platform unexpectedly and without warning lowered.

- 2 -

12. The culpability and negligence of the Defendant Waltco Truck Equipment Company was the proximate cause of the Plaintiff's injuries as follows:

   a. The Defendant negligently or inadequately marketed and maintained an inherently unsafe hydraulic platform as the platform failed to adequately support the weight of the load and unexpectedly and without warning lowered.

   b. The Defendant negligently or inadequately designed, developed, manufactured, tested, inspected, promoted, marketed, sold and distributed the hydraulic platform.

   c. The Defendant negligently tested or inadequately inspected the hydraulic platform.

   d. The Defendant negligently failed to give warnings or instructions or adequate instructions to the Plaintiff or his employer of the risk of likelihood of the danger involved in using the hydraulic platform.

   e. The Defendant negligently placed in the channels of trade a product which it knew, or with reasonable care should have known, was dangerous and defective in the nature and design, or in a dangerous and defective condition, and negligently placed said product in the channels of trade in a manner which the Defendant foresaw or in the exercise of due care should have foreseen would probably carry said product into contact with persons such as the Plaintiff, and negligently failed to use reasonable care to prevent injury to such persons including the Plaintiff.

13. As a direct and proximate result of the Defendant Waltco Truck Equipment Company's culpability and negligence, the Plaintiff, Kenneth Mercer, was caused to sustain serious personal injury, was caused to incur and continues to incur medical expenses, was caused to lose and continues to lose time and income from his employment, and was caused to sustain an impairment to his ability to enjoy life and attend to his usual activities.

14. At all times material herein, the Plaintiff, Kenneth Mercer, was in the exercise of due care and free from all comparative negligence.

15. The Plaintiff, Kenneth Mercer has satisfied all conditions precedent to the bringing of this cause of action.

- 3 -

WHEREFORE, the Plaintiff, Kenneth Mercer, demands judgment against the Defendant, Waltco Truck Equipment Company, in the amount of his damages, together with costs, interest, and reasonable attorney's fees.

THE PLAINTIFF, KENNETH MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT II

16. The Plaintiff, Cynthia Mercer, repeats the allegations contained in Paragraphs 1 through 15 of this Complaint as if re-alleged herein.

17. As a direct and proximate result of the Defendant, Waltco Truck Equipment Company's, negligence and culpability as alleged, the Plaintiff, Cynthia Mercer, suffered the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Cynthia Mercer, claims and demands judgment against the Defendant, Waltco Truck Equipment Company, in the amount of her damages, together with costs, interest and reasonable attorney's fees.

THE PLAINTIFF, CYNTHIA MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HER CAUSE OF ACTION.

## COUNT III
## BREACH OF WARRANTY AGAINST WALTCO TRUCK EQUIPMENT COMPANY

18. The Plaintiff, Kenneth Mercer, repeats the allegations contained in Paragraphs 1 through 18 of this Complaint as if re-alleged herein.

19. On and prior to September 30, 2000, the Defendant, Waltco Truck Equipment Company, designed, manufactured, fabricated, sold and/or supplied a hydraulic platform and made express and implied warranties of safety, fitness, and merchantability for the ordinary purposes for which said hydraulic platform is used, made express and implied warranties that said hydraulic platform would be fit for the particular purposes being used at the time of the plaintiff's accident and made express and implied warranties by affirmation of fitness, safety and merchantability and all of these warranties were relied upon by the plaintiff.

- 4 -

20. Said warranties were breached by the Defendant, Waltco Truck Equipment Company, and said hydraulic platform was not safe, not merchantable, not fit for the ordinary purposes for which said hydraulic platform is used, not fit for the particular purposes for which said hydraulic platform was being used at the time of the plaintiff's injury, not fit, safe, or merchantable as warranted by the Defendant, did not give adequate warnings and instructions concerning said fiberglass bucket and timely notification of said breaches, if any, was required to be given, was given to the defendant, Waltco Truck Equipment Company.

21. As direct and a proximate result of the defendant, Waltco Truck Equipment Company's breach of the express and implied warranty of merchantability as alleged, the plaintiff, Kenneth Mercer was caused to sustain serious personal injury when the hydraulic platform unexpectedly and without warning lowered.

22. As a direct and proximate result of said injuries, the plaintiff has incurred and continues to incur medical expenses, has lost and continues to lose time and wages from his employment, and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

23. At all times material herein, the Plaintiff, Kenneth Mercer, was in the exercise of due care and free from all comparative negligence.

24. The Plaintiff, Kenneth Mercer, has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Kenneth, demands judgment against the Defendant, Waltco Truck Equipment Company, in the amount of his damages, together with costs, interest, and reasonable attorney's fees.

THE PLAINTIFF, KENNETH MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT IV

25. The Plaintiff, Cynthia Mercer, repeats the allegations contained in Paragraphs 1 through 24 of this Complaint as if re-alleged herein.

- 5 -

26. As a direct and proximate result of the Defendant, Waltco Truck Equipment Company's, breach of the express and implied warranty of merchantability as alleged, the Plaintiff, Cynthia Mercer, suffered the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Cynthia Mercer, claims and demands judgment against the Defendant, Waltco Truck Equipment Company, in the amount of her damages, together with costs, interest and reasonable attorney's fees.

THE PLAINTIFF, CYNTHIA MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HER CAUSE OF ACTION.

## COUNT V
## NEGLIGENCE AGAINST RYDER TRUCK RENTAL, INC.

27. The Plaintiff, Kenneth Mercer, repeats the allegations contained in Paragraphs 1 through 27 of this Complaint as if re-alleged herein.

28. On or about September 30, 2000, during the course of his employment with Garelick Farms, the Plaintiff, Kenneth Mercer, used a hydraulic platform maintained, marketed, and/or sold and distributed by the Defendant, Ryder Truck Rental, Inc.

29. The culpability and negligence of the Defendant Ryder Truck Rental, Inc. was the proximate cause of the Plaintiff's injuries as follows:

   a. The Defendant negligently or inadequately marketed and maintained an inherently unsafe hydraulic platform, as the hydraulic platform failed to adequately support the weight of the load and unexpectedly and without warning lowered.

   b. The Defendant negligently or inadequately designed, developed, manufactured, tested, inspected, promoted, marketed, sold and distributed the hydraulic platform.

   c. The Defendant negligently maintained, tested or inadequately inspected the hydraulic platform.

   d. The Defendant negligently failed to give warnings or instructions or adequate instructions to the Plaintiff of the risk of likelihood of the danger involved in

- 6 -

using the hydraulic platform.

e. The Defendant negligently placed in the channels of trade a product which it knew, or with reasonable care should have known, was dangerous and defective in the nature and design or in a dangerous and defective condition, and negligently placed said product in the channels of trade in a manner which the Defendant foresaw or in the exercise of due care should have foreseen would probably carry said product into contact with persons such as the Plaintiff and negligently failed to use reasonable care to prevent injury to such persons including the Plaintiff.

30. As a direct and proximate result of the Defendant Ryder Truck Rental, Inc.'s culpability and negligence, the Plaintiff, Kenneth Mercer, was caused to sustain serious personal injury, was caused to incur and continues to incur medical expenses, was caused to lose and continues to lose time and income from his employment and was caused to sustain an impairment to his ability to enjoy life and attend to his usual activities.

31. At all times material herein, the Plaintiff, Kenneth Mercer, was in the exercise of due care and free from all comparative negligence.

32. The Plaintiff, Kenneth Mercer, has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Kenneth Mercer, claims and demands judgement against the Defendant, Ryder Truck Rental, Inc. in the amount of his damages, together with costs, interest and reasonable attorney's fees.

THE PLAINTIFF, KENNETH MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT VI

33. The Plaintiff, Cynthia Mercer, repeats the allegations contained in Paragraphs 1 through 32 of this Complaint as if re-alleged herein.

34. As a direct and proximate result of the Defendant, Ryder Truck Rental, Inc.'s negligence and culpability as alleged, Plaintiff, Cynthia Mercer, has suffered the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Cynthia Mercer, claims and demands judgment against the Defendant, Ryder Truck Rental, Inc. in the amount of her damages, together with costs, interest and reasonable attorney's fees.

THE PLAINTIFF, CYNTHIA MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HER CAUSE OF ACTION.

## COUNT VII
## BREACH OF WARRANTY AGAINST RYDER TRUCK RENTAL, INC.

35. The Plaintiff, Kenneth Mercer, repeats the allegations contained in Paragraphs 1 through 34 of this Complaint as if re-alleged herein.

36. On and prior to September 30, 2000, the Defendant, Ryder Truck Rental, Inc., designed, manufactured, fabricated, sold and/or supplied a hydraulic lift and made express and implied warranties of safety, fitness, and merchantability for the ordinary purposes for which said hydraulic platform is used, made express and implied warranties that said hydraulic platform would be fit for the particular purposes being used at the time of the plaintiff's accident and made express and implied warranties by affirmation of fitness, safety and merchantability and all of these warranties were relied upon by the plaintiff.

37. Said warranties were breached by the defendant, Ryder Truck Rental, Inc., and said hydraulic platform was not safe, not merchantable, not fit for the ordinary purposes for which said hydraulic lift is used, not fit for the particular purposes for which said hydraulic platform was being used at the time of the plaintiff's injury, not fit, safe, or merchantable as warranted by the defendant, Ryder Truck Rental, Inc., did not give adequate warnings and instructions concerning said hydraulic platform and timely notification of said breaches, if any, was required to be given, was given to the defendant, Ryder Truck Rental, Inc.

- 8 -

38. As direct and a proximate result of the defendant, Ryder Truck Rental, Inc.'s breach of the express and implied warranty of merchantability as alleged, the plaintiff, Kenneth Mercer was caused to sustain serious personal injury when the platform failed to adequately support the weight of the load and unexpectedly and without warning lowered.

39. As a direct and proximate result of said injuries, the plaintiff has incurred and continues to incur medical expenses, has lost and continues to lose time and wages from his employment, and has suffered and continues to suffer an impairment to his ability to enjoy life and attend to his usual activities.

40. At all times material herein, the Plaintiff, Kenneth Mercer, was in the exercise of due care and free from all comparative negligence.

41. The Plaintiff, Kenneth Mercer, has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the Plaintiff, Kenneth Mercer, demands judgment against the Defendant, Ryder Truck Rental, Inc., in the amount of his damages, together with costs, interest, and reasonable attorney's fees.

THE PLAINTIFF, KENNETH MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HIS CAUSE OF ACTION.

## COUNT VIII

42. The Plaintiff, Cynthia Mercer, repeats the allegations contained in Paragraphs 1 through 41 of this Complaint as if re-alleged herein.

43. As a direct and proximate result of the Defendant, Ryder Truck Rental, Inc.'s, breach of the warranty of merchantability as alleged, the Plaintiff, Cynthia Mercer, suffered the loss of her husband's consortium and society.

WHEREFORE, the Plaintiff, Cynthia Mercer, claims and demands judgment against the Defendant, Ryder Truck Rental, Inc., in the amount of her damages, together with costs, interest and reasonable attorney's fees.

THE PLAINTIFF, CYNTHIA MERCER, CLAIMS AND DEMANDS A TRIAL BY JURY ON HER CAUSE OF ACTION

Respectfully submitted,
The plaintiffs,
By their attorney,

_____
Robert A. DiTusa, BBO# 649218
KECHES & MALLEN, P.C
122 Dean Street
Taunton, MA 02780
(508) 822-2000

August 8/12, 2003

- 10 -