UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KENNETH R. MERCER, and           )
CYNTHIA MERCER                   )
                                 )
            Plaintiffs,          )
                                 )
v.                               )  CIVIL ACTION NUMBER
                                 )  1:03-CV-12282 MBB
RYDER TRUCK RENTAL, INC., and    )
WALTCO TRUCK EQUIPMENT COMPANY   )
                                 )
            Defendants.          )

**MOTION FOR LEAVE OF WALTCO TRUCK EQUIPMENT COMPANY
TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND
LEAVE TO FILE A BRIEF IN EXCESS OF TWENTY PAGES**

Pursuant to Rule 7.1(b)(3) of the Local Rules of the United States District Court for the District of Massachusetts, Defendant, Waltco Truck Equipment Company ("Waltco") hereby moves for leave to supplement its Motion for Summary Judgment. Furthermore, because such supplementation will cause the brief in support of the Motion for Summary Judgment to exceed twenty (20) pages, Waltco hereby moves for leave to file a brief in excess of twenty pages pursuant to Rule 7.1(b)(4).

In support of this request, Waltco states as follows:

1.   This is a products liability action in which the Plaintiff, Kenneth R. Mercer ("Mercer") alleges that Waltco manufactured a defective hydraulic lift gate which caused the Plaintiff to trip and fall and ultimately sustain injuries.

2.   On or about October 18, 2005, Waltco filed its Motion for Summary Judgment. As one of the grounds for its request for Summary Judgment, Waltco argued that the failure of either Mercer or the co-defendant Ryder Truck Rental, Inc. ("Ryder") to inform Waltco of the

incident and to provide Waltco with an opportunity to inspect the allegedly defective product in a timely manner, before it was substantially modified by Ryder, constitutes spoliation, the remedy for which is that the plaintiff and co-defendant must not be allowed to introduce expert opinion testimony against Waltco.

3. Furthermore, Waltco argued that because Mercer's own expert did not inspect the subject product until years after the alleged accident, before it was substantially modified by Ryder, that expert must not be allowed to testify since his opinions rely on speculation regarding the condition of the lift gate at the time of the alleged accident.

4. Subsequent to filing its Motion for Summary Judgment, numerous depositions have occurred which have included relevant testimony as to modifications and repairs performed on the hydraulic lift and accompanying switch which would bolster Waltco's spoliation argument and its argument that Mercer's expert has relied exclusively on speculation regarding the condition of the product at the time of the alleged accident.

5. Therefore, Waltco requests that this Court grant its motion for leave to supplement its Motion for Summary Judgment to allow for the submission of additional deposition testimony with respect to both spoliation and Mercer's expert.

6. Rule 7.1(b)(3) of the Local Rules of the United States District Court for the District of Massachusetts states that motions to amend or supplement may be submitted only with leave of the court.

7. In a recent First Circuit decision, the court granted a defendant's request for leave to file a supplemental summary judgment in order to incorporate information acquired in a deposition. Colon v. Rinaldi, 340 F.Supp.2d 113, 116 (1st Circuit, 2004). As a result, the defendant was able to file its supplemental motion for summary judgment, and the plaintiff filed his corresponding opposition. Id.

8. Therefore, in accordance with Rule 7.1(b)(3) and Colon, Waltco's requests that this Court grant its motion for leave to supplement its Motion for Summary Judgment to include newly acquired deposition testimony and allow Mercer the opportunity to file an opposition to same.

9. Should the Court grant Waltco's request to file a Supplemental Motion for Summary Judgment, Waltco seeks leave from the Court to grant an extension in the length of the brief in Support of the Motion for Summary Judgment by an additional ten (10) pages.

10. Waltco's brief is currently twenty pages long which is the maximum allowed under Rule 7.1, adding the recent deposition testimony and discussion related to same will require additional pages and therefore in accordance with Rule 7.1(b)(4), Waltco requests that this Court grant leave to exceed the 20 page limit by an additional 10 pages.

WHEREFORE, Waltco respectfully requests the following:

1. That this Honorable Court grant Waltco's motion for leave to file a supplemental motion for summary judgment to include newly acquired deposition testimony.

2. That this Honorable Court grant Waltco's request for leave to file a brief exceeding twenty pages by an additional ten pages in support of its motion for summary judgment.

    Respectfully submitted,
    Defendant, Waltco Trucking Equipment Company,
    By Its Attorney,

    *Paul E. Mitchell, cvs*
    Paul E. Mitchell, B.B.O. No. 550491
    Mitchell & DeSimone
    99 Summer Street
    Boston, Massachusetts 02110
    (617) 737-8300

## L.R. 7.1 CERTIFICATE

I, Paul E. Mitchell, hereby certify that my associate, Eric V. Skelly, Esq. conferred with the plaintiff's counsel and co-defendant's counsel about the within motion and attempted in good faith to resolve and narrow the issues contained therein.

*Paul E. Mitchell*
Paul E. Mitchell

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the below named document was served upon the attorney of record for each party by mail on February 17, 2006.

**MOTION FOR LEAVE OF WALTCO TRUCK EQUIPMENT COMPANY TO FILE A SUPPLEMENTAL MOTION FOR SUMMARY JUDGMENT AND LEAVE TO FILE A BRIEF IN EXCESS OF TWENTY PAGES**

LOCAL RULE 7.1 CERTIFICATE

Respectfully submitted,
Defendant, Waltco Trucking Equipment Company,
By Its Attorney,

*Paul E. Mitchell, evs*
Paul E. Mitchell, B.B.O. No. 550491
Mitchell & DeSimone
99 Summer Street
Boston, Massachusetts 02110
(617) 737-8300